

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

Hon. Walter C. Woodward, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-456
Re: Is a state-wide mutual assessment
life company operating under the
provisions of Art 4859f, sections
1 to 20, in arriving at the net
taxable premiums under Art. 7064a
permitted to deduct from the gross
premiums as "the acquisition cost
of all of the first year's premiums"
the premiums paid during the first
year after transfer to the associa-
tion of the members mentioned?

Your request for an opinion on the above stated
question has been received by this office.

Your letter reads in part as follows:

"The Protective Life Insurance Company
of Texas, of Brownwood, Texas, operating un-
der the provisions of Article 4859f, Sections
1 to 20, secured the transfer to it during
December 1937 of the memberships of two other
statewide mutual assessment associations and
one mutual aid association. In filing its
Tax return for 1938, the Protective Life In-
surance Company of Texas deducted from the
gross premium receipts the payments made by
these transferred members during the first
year after the transfer. Please advise if
this deduction was legal."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 7064a, as amended by the 46th Legislature reads as follows:

"Every group of individuals, society, association or corporation domiciled in the State of Texas transacting the business of life, accident, or life and accident, health and accident insurance for profit, or for mutual bene it or protection, shall at the time of filing its annual statement report to the Board of Insurance Commissioners the gross amount of premiums received from or upon the lives of persons residing or domiciled in this State during the preceding year and each of such groups of individuals, society, association, or corporation shall pay an annual tax of one-half of one per cent of such gross premium receipts, provided, however, that this tax shall not apply to local mutual aid associations, or fraternal benefit sooieities or organizations. Such gross premium receipts so reported shall not include premiums received from other licensed companies for reinsurance, but there shall be no deduction made for premiums paid for reinsurance. If any such group of individuals, sooiety, association, or corporations does more than one kind of insurance business, then it shall pay the tax herein levied upon the gross premium for each kind of insurance written; the provisions of this Act shall not apply to fraternal insurance organizations or societies that limit their membership to one occupation. The report of the gross premium receipts shall be made upon the sworn statement of two (2) principal officers. Deductions from the gross premium receipts shall be allowed any group of individuals, society, association, or corporation of an acquisition cost of all of the first year's premiums, except that on industrial business such companies shall be permitted to deduct one and one-half (1½) times the amount of the first year's

premiums as acquisition costs. Upon receipt
by it of the sworn statements above provided
for, the Board of Insurance Commissioners shall
certify to the State Treasurer the amount of
taxes due by each of such group of individuals,
society, association, or corporation, which tax
shall be paid to the State Treasurer on or be-
fore the 1st of March following and the Treasurer
shall issue his receipt therefor as evidence of
the payment of such taxes. No such group of in-
dividuals, society, association, or corporation
shall receive a permit to do business until all
such taxes are paid. The taxes aforesaid shall
constitute all taxes and license fees collectible
under the laws of this State against any such
insurance organizations, except the fees provided
for under Article 3920, Revised Civil Statutes
of Texas of 1925, as amended by Acts of the
Forty-second Legislature of 1931, Chapter 152, Sec-
tion 1, and no other taxes shall be levied or
collected by any county, city, or town except
State, county and municipal ad valorem taxes upon
the real and personal property of such insurance
organizations."

Article 7064a, supra, provides for taxing certain
types of insurance companies; and in arriving at the net
tax for premiums collected by such companies from their
policy holders permits the deduction from gross premiums
of the acquisition cost of the first year premiums.

We quote from Words & Phrases, Vol. 6, page 5514
as follows:

"The consideration paid for a policy of
insurance is called the premium."

The Supreme Court of the State of South Dakota
in the case of Noem vs. Equitable Life Insurance Company
said:

"The first premium means the first payment
of premium as distinguished from the first annual
premium."

First policy year means year for which policy was
first issued. Words & Phrases, Vol. 3, page 685. Also see

Hon. Walter C. Woodward, Page 4

the cases of Carter vs. Standard Insurance Company, 238
Pac. 259; American National Insurance Company vs. Thompson,
186 SW 254.

Article 7064a, supra, specifically provides that
the deductions from the gross premium receipts shall be
allowed any group of individuals, society, association, or
corporation of an acquisition cost of all the first year's
premiums except that on industrial business such company
shall be permitted to deduct one and one-half times the
amount of the first year's premiums as acquisition cost.
We are of the opinion that the Legislature had in mind de-
ductions from the gross premium receipts as acquisition
cost, all of the first year's premiums when the policies
were first acquired and did not contemplate a transfer of
such policies from one company to another and that such
companies in securing the transfer would not be permitted
to deduct from the gross premium receipts the payments
made by these transferred members.

You are respectfully advised that it is the opin-
ion of this department that a statewide mutual assessment
life company operating under the provisions of Article
4859f, Sections 1 to 20 inclusive, in arriving at the net
taxable premiums under Article 7064a would not be permitted
to make deduction from the gross premiums as the acquisition
cost of all of the first year's premiums paid during the
first year after transfer to the association or company.

Trusting that the foregoing answers your inquiry,
we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED JUL 14, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY WBK
CHAIRMAN